**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REGIONAL PRODUCE COOPERATIVE CORPORATION, d/b/a PHILADELPHIA WHOLESALE PRODUCE MARKET,<br><br>    Plaintiff,<br><br>    v.<br><br>TD BANK, N.A.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:   Case No.: 2:19-cv-01883-MSG<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT TD BANK N.A.'S MEMORANDUM OF LAW
SUPPORTING ITS MOTION TO DISMISS**

Alexander D. Bono (25845)
Ryan E. Borneman (203540)
Lynne E. Evans (313479)
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA 19103
ABono@duanemorris.com
REBorneman@duanemorris.com
LEEvans@duanemorris.com
Tel: (215) 979-1000
Fax: (215) 979-1020

Dated:  June 19, 2019            *Attorneys for Defendant TD Bank, N.A.*

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................. 1

II.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY.................................. 2

III.  LEGAL ARGUMENT........................................................... 4

    A.  Rule 12(b)(6) Compels Dismissal of the Complaint. ...............................4

    B.  RPCC's Claims Are Barred By The Statute of Limitations. ...................................5

    C.  The PA UCC Displaces RPCC's Common Law Claims For Unauthorized Transactions. ....................................................................7

        1.  Under the PA UCC, TD Bank is Not Liable For the Allegedly Unauthorized Checks Because RPCC Never Gave TD Bank Timely Notice of DiCrecchio's Unauthorized Transactions.   8

    D.  RPCC Has No Private Right of Action Under the Bank Secrecy Act For Negligence in Opening The Account....................................................10

    E.  There is No Negligence Under 13 Pa. C.S. §§ 3405 and 3406 Because RPCC Never Gave TD Bank Timely Notice of the Alleged Fraud. ................................11

    F.  Conversion By the Issuer of an Instrument is Inactionable, and RPCC Never Alleges That TD Bank Intended to Exercise Dominion or Control Over RPCC's Funds....................................................................12

    G.  Pennsylvania Does Not Recognize a Claim for Aiding and Abetting Conversion, and RPCC Fails to Allege the Elements of Aiding and Abetting......14

IV.  CONCLUSION................................................................ 15

i

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*In re Agape Litig.*, 681 F.Supp.2d 352 (E.D.N.Y. 2010)................................................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 4-5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 4-5

*Bucci v. Wachovia Bank, N.A.*, 591 F.Supp.2d 773 (E.D. Pa. 2008)............................................13

*Citizens Bank of Pa. v. Chevy Chase Bank*, No. 03-cv-5208, 2004 U.S. Dist. LEXIS 6354 (E.D. Pa. Mar. 22, 2004)........................................................................7

*Citizens Bank of Pennsylvania v. Chevy Chase Bank*, CIV.A. 03-CV-5208, 2004 WL 875499 (E.D. Pa. Mar. 22, 2004)..........................................................................13

*Doug Grant, Inc. v. Greater Bay Casino Corp.*, 232 F.3d 173 (3d Cir. 2000)...............................4

*Eagle v. Morgan*, CIV.A. 11-4303, 2013 WL 943350 (E.D. Pa. Mar. 12, 2013).........................14

*In re Egalet Corp. Sec. Litig.*, 340 F.Supp.3d 479 (E.D. Pa. 2018)..............................................2

*Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A.*, 741 F.Supp.2d 705 (E.D. Pa. 2010) ...............................................................................................................................6

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)..........................................................5

*Frankentek Residential Systems, LLC v. Buerger*, 15 F.Supp.3d 574 (E.D. Pa. 2014) .............................................................................................................................5

*Gress v. PNC Bank, Nat'l Ass'n*, 100 F. Supp. 2d 289 (E.D. Pa. 2000).......................................7

*James v. Heritage Valley Fed. Credit Union*, 197 Fed.Appx. 102 (3d Cir. 2006) .......................10

*Kranzdorf v. Green*, 582 F.Supp. 335 (E.D. Pa. 1983)..............................................................14

*Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368 (3d Cir. 2005)..................................10

*Mack v. CTC Ill. Trust Co.*, No. 04-cv-0083, 2004 U.S. Dist. LEXIS 13997 (E.D. Pa. July 19, 2004).................................................................................................7

*Mifflinburg Tel., Inc. v. Criswell*, 277 F.Supp.3d 750 (M.D. Pa. 2017).......................................14

*Pub. Serv. Co. of Oklahoma v. A Plus, Inc.*, CIV-10-651-D, 2011 WL 3329181 (W.D. Okla. Aug. 2, 2011)..........................................................................................11

*Regina the First for Guyton v. Equifax Info. Servs., LLC*, 18-CV-2534, 2018 WL 3122328 (E.D. Pa. June 26, 2018) ...................................................................... 4, 12, 14-15

*Sebastian v. D & S Exp., Inc.*, 61 F.Supp.2d 386 (D.N.J. 1999) ...................................13

*SFS Check, LLC v. First Bank of Delaware*, 990 F.Supp.2d 762 (E.D. Mich. 2013), aff'd, 774 F.3d 351 (6th Cir. 2014) ...............................................11

*Shtutman v. TD Bank, N.A.,* CIV. 14-792 JEI/AMD, 2014 WL 1464824, at *2 (D.N.J. Apr. 15, 2014) ...................................................... 1-3, 11

*St. Julien v. Andrews*, CIV. A. 972236, 1998 WL 134223 (E.D. Pa. Mar. 24, 1998) ...................................................13

*Taveras v. Resorts Int'l Hotel, Inc.*, CIV. 07-4555(RMB), 2008 WL 4372791 (D.N.J. Sept. 19, 2008) ...................................................11

**State Cases**

*Bernhardt v. Needleman*, 705 A.2d 875 (Pa. Super. 1997) ...................................12

*Gennone v. Peoples Nat'l Bank & Trust Co.*, No. 4574, 1971 Pa. Dist. & Cnty. Dec. LEXIS 551 (C.P. Montgomery Jan. 21, 1971) ...................................9

*Lebanon Cty. Earned Income Tax Bureau v. Bank of Lebanon Cty.*, 2007-01270, 2011 WL 12847599 (Pa. Com. Pl. Jan. 10, 2011) ...................................12

*Metro Waste, Inc. v. Wilson Check Cashing, Inc.*, March 2003 Term, No. 2117, 2003 Phila. Ct. Com. Pl. LEXIS 56, at *3-6 (Pa. Commw. Ct. Sept. 23, 2003) ......................7

*Nova Realty v. Am. Risk Reduction Servs.*, 3426 EDA 2013, 2014 WL 10575442 (Pa. Super. Ct. Sept. 30, 2014) ...................................................5

*Shonberger v. Oswell*, 365 Pa.Super. 481, 530 A.2d 112,114 (1987) ...........................5

*Shonberger v. Oswell*, 530 A.2d 112 (Pa. Super. Ct. 1987) ...........................12

*Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314 (Pa. Commw. Ct. Aug. 29, 2007)............................... 7-8, 13

*United States Steel Corp. v. Express Enterprises of Pennsylvania, Inc.*, No. 0140, 2006 Phila. Ct. Com. Pl. LEXIS 149 (Pa. Commw. Ct. March 22, 2006) ...........................7-8

**Federal Statutes and Rules of Court**

Action Under the Bank Secrecy Act .....................................................10

Bank Secrecy Act.............................................................. 1, 10-11, 15

CIP or Bank Secrecy Act ...................................................11

Fed. R. Civ. P. 8(a)(2).....................................................5

Fed. R. Civ. P. 12(b)(1) ........................................................................................4

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 4-5

**Other Authorities**

31 C.F.R. §103.121 ...........................................................................................10

13 Pa. C.S.A. § 3105 .........................................................................................13

13 Pa. C.S.A. § 3406 .........................................................................................11

13 Pa. C.S.A. § 3420(a) & cmt. 1 .....................................................................13

42 Pa. C.S.A. § 5524 ..........................................................................................5

13 Pa. C.S. §3405 ...................................................................................1, 11, 15

13 Pa. C.S. §3406 ...................................................................................1, 11, 15

13 Pa. C.S. § 3420 .....................................................................................1, 13

13 Pa. Cons. Stat. § 4406 ..........................................................................8-9, 11

13 Pa. Cons. Stat. § 4406(a) ..............................................................................8

13 Pa. Cons. Stat. § 4406(c) ..............................................................................8

13 Pa. Cons. Stat. § 4406(d) ...........................................................................8-9

13 Pa. Cons. Stat. § 4406(d)(2) .......................................................................8-9

13 Pa. Cons. Stat. § 4406(f) .......................................................................10, 12

Pennsylvania Uniform Commercial Code ............................................ 1, 7-10, 13, 15

## I.     INTRODUCTION

Caesar "Sonny" DiCrecchio ("**DiCrecchio**") was President and CEO of Plaintiff Regional Produce Cooperative Corporation, d/b/a Philadelphia Wholesale Produce Market ("**RPCC**").  He embezzled approximately $8,000,000 from RPCC from July 2009 until August 2018. To deflect responsibility from its failed oversight of DiCrecchio and lack of internal controls for over a decade, RPCC filed this action blaming its bank – defendant TD Bank N.A. ("**TD Bank**") – and asserting stale claims.[1]  TD Bank respectfully moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

There are six reasons why TD Bank's motion to dismiss should be granted and RPCC's complaint should be dismissed with prejudice.

*First*, RPCC's claims are barred by the statute of limitations;

*Second*, the Pennsylvania Uniform Commercial Code ("**PA UCC**") bars RPCC's common law claims concerning the alleged unauthorized transactions;

*Third*, there is no private right of action under the Bank Secrecy Act that permits RPCC's negligence claim for improper account opening;

*Fourth*, RPCC fails to state a negligence claim based on 13 Pa. C.S. §§3405 and 3406 because RPCC failed to timely report any unauthorized transactions to TD Bank;

*Fifth*, RPCC fails to state a plausible claim for conversion because (a) an action for conversion may not be brought by the issuer, like RPCC, and (b) RPCC never alleges that TD Bank possessed the requisite intent to exercise dominion or control over RPCC's funds required for a claim for conversion; and

---

[1] The complaint asserts four claims: Count I, Negligence; Count II, Negligence Under 13 Pa. C.S. §§3405 and 3406; Count III, Conversion of Instruments Under 13 Pa. C.S. § 3420; Count IV, Aiding and Abetting Conversion.

*Sixth*, RPCC fails to state a plausible claim for aiding and abetting conversion because (a) Pennsylvania does not recognize a claim for aiding and abetting conversion, and (b) RPCC has not alleged any of the elements of a claim for aiding and abetting.

## II.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

DiCrecchio's embezzlement scheme began after he opened a Business Checking Account at TD Bank ("*Account*") in the name of RPCC's predecessor, Philadelphia Fresh Food Terminal Corporation ("*PFFTC*") on July 30, 2009. Compl. at ¶¶ 3, 21–22.[2] DiCrecchio signed PFFTC's Business Signature Card and For Profit Corporate Banking Resolution, where he listed himself as the "Ex. Director" and sole authorized signer of the Account.  *Id*. at ¶¶ 23, 32.

Thus, RPCC became bound by TD Bank's Business Deposit Account Agreement ("*BDAA*"), attached as Exhibit A.[3]  The BDAA specifically and unequivocally states that ***TD Bank does not offer two-signer accounts and that any provision requiring two-signer accounts is "solely for [the customer's] internal control purposes and is not binding on [TD Bank]*.**[4]" *See* Ex. A at 6.

But RPCC ignores its BDAA[5] by claiming that its rogue employee DiCrecchio "tricked the RPCC and PFFTC Boards into believing the TD Account was a 'two-signer account'" by

---

[2] RPCC is PFFTC's successor, and, on RPCC's opening in 2011, PFFTC transitioned its business to RPCC.  *Id*. at ¶¶ 12, 20.

[3] This Court may consider documents "integral to or explicitly relied upon in the complaint ... without converting the motion to dismiss into one for summary judgment."  *In re Egalet Corp. Sec. Litig.*, 340 F.Supp.3d 479, 497 (E.D. Pa. 2018) (internal citations omitted).  Here, the BDAA governs the relationship between RPCC and TD Bank, states the parties' rights and obligations concerning the transactions at issue, and is thus integral to the Complaint. *See* Ex. A at 2, 4.

[4] Emphasis added unless indicated to the contrary.

[5] PFFTC was well experienced with the lack of a two-signer account. PFFTC opened a prior account on May 25, 2000 that similarly required only one authorized signature – of DiCrecchio. RPCC does not mention this prior account, and it apparently does not challenge this one signer account, which refutes RPCC's allegations that it was unaware of DiCrecchio's activity as a sole signer.

"obtain[ing] a second signature from a member of the PFFTC and RPCC Boards for legitimate business expenses." Compl. at ¶ 59.

DiCrecchio started depositing checks issued to PFFTC and RPCC into the Account, writing checks from the Account, and embezzling some of those funds for his own personal use or donating to charities without prior board approval, or lending money to RPCC employees without RPCC's authorization  *Id.* at ¶¶ 54 -55.

But, RPCC also admits it knew about the Account and used the Account for "legitimate business". *Id.* at ¶¶ 41–42, 52, 58, 59.  But, because RPCC apparently failed to put any internal controls in place and failed to have any meaningful oversight or control over DiCrecchio's actions, DiCrecchio was able to misuse millions of dollars ***for nearly a decade*** completely undetected.  *Id.* at ¶¶ 57–60.  RPCC deflects its own oversight and internal control failures. It never explains why it failed to discover DiCrecchio's fraudulent activity, why RPCC's finance team, board of directors or auditors failed to oversee DiCrecchio's actions, or why RPCC failed to review its monthly bank account statements that showed DiCrecchio's transactions.

Under the BDAA, RPCC agreed that it would review its account statements and report any unauthorized transactions to TD Bank. *See* Ex. A at 14. The BDAA states that the Account holder:

> "must notify [TD Bank] as soon as possible if [he or she] believe[s] there is an error, forgery ***or other problem*** with the information shown on [his or her] Account statement. [The Account holder] agrees that ***fourteen (14) Calendar Days*** after [TD Bank] mailed a statement (or otherwise made it available to [the Account holder]) is a reasonable amount of time for [the Account holder] to review [his or her] Account statement and report any errors, forgeries or other problems. In addition, [the Account holder] agree[s] not to assert a claim against [TD Bank] concerning any error, forgery or other problem within ***sixty (60) Calendar Days*** after [TD Bank] mailed the [Account holder] the statement (or otherwise made it available to [the Account holder]. This means, for example, that [the Account holder] cannot bring a lawsuit against [TD Bank], ***even if [TD Bank] is at fault***, for paying checks bearing a forgery of [the Account holder's] signature unless [the Account holder] reported the forgery within ***sixty (60) Calendar Days*** after [TD Bank] mailed [the

Account holder] the statement (or otherwise made it available to [the Account holder]) listing the check [TD Bank] paid.

*Id*.

Criminal charges have not yet been filed against DiCrecchio.  But to save face and try to dig into TD Bank's deep pockets, RPCC sued TD Bank on April 11, 2019 in the Philadelphia County Court of Common Pleas.  *See* Compl. On April 12, 2019, TD Bank timely removed the action to this Court and now moves for dismissal of the Complaint in its entirety.  For the reasons below, RPCC fails to state any claims or right to relief against TD Bank and, thus, the Complaint must be dismissed in its entirety with prejudice.

## III.    LEGAL ARGUMENT

### A.    Rule 12(b)(6) Compels Dismissal of the Complaint.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (internal citation omitted).

On a Rule 12(b)(6) motion, all factual allegations in the complaint are taken as true; but, the court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greater Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000).  Moreover, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."  *Iqbal*, 556 U.S. at 686; *Twombly*, 550 U.S. at 555; *Regina the First for Guyton v. Equifax Info. Servs.*, LLC, 18-CV-2534, 2018 WL 3122328, at *1 (E.D. Pa. June 26, 2018) (A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face... Conclusory statements and naked assertions will not suffice.").

4

After *Iqbal*, district courts must conduct a two-part analysis when evaluating a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). If, upon completing this analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, when a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and must be dismissed. *Id.* at 678 (quoting *Twombl*y, 550 U.S. at 557). Here, the Complaint fails under Rule 12(b)(6) because it lacks facts plausibly stating a claim, the allegations are contradicted by documents, and the claims also fail as a matter of law.

**B.      RPCC's Claims Are Barred By The Statute of Limitations.**

Under Pennsylvania law, claims for negligence, conversion, and aiding and abetting are governed by a ***two-year statute of limitations period***. *See* 42 Pa.C.S.A. § 5524 (statute of limitations for negligence claims is two years); *Nova Realty v. Am. Risk Reduction Servs*., 3426 EDA 2013, 2014 WL 10575442, at *5 (Pa. Super. Ct. Sept. 30, 2014) ("[T]he statute of limitations for a negligence cause of action is triggered upon the occurrence of the alleged breach of duty."); *Shonberger v. Oswell*, 365 Pa.Super. 481, 485, 530 A.2d 112,114 (1987) (same); *Frankentek Residential Systems, LLC v. Buerger*, 15 F.Supp.3d 574 (E.D. Pa. 2014) (statute of limitations for

conversion claim in Pennsylvania is two years); *Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A.*, 741 F.Supp.2d 705, 727 (E.D. Pa. 2010) (statute of limitations for aiding and abetting in Pennsylvania is two years).

Here, all of RPCC's claims are barred by the statute of limitations.  RPCC alleges injuries under two theories: 1) negligent Account opening - TD Bank allegedly was negligent by permitting DiCrecchio to open the Account in PFFTC's name; and 2) negligent Account use - TD Bank allegedly was negligent by allowing DiCrecchio to use the Account to conduct allegedly unauthorized transactions.

Under the first theory, RPCC alleges that TD Bank was liable for negligence, conversion, and aiding and abetting conversion[6] based on its rogue employee's July 30, 2009 opening of the Account.  Thus, RPCC was required to bring any claims based on the Account opening by July 30, 2011.  But RPCC never filed its Complaint until April 11, 2019 – almost eight years after the alleged conduct giving rise to these claims.  Moreover, no discovery rule applies because RPCC admits it was aware that the Account existed and used the Account for legitimate business purposes for nearly a decade. Compl. at ¶¶ 41–42, 52, 58, 59. Thus, all of the claims arising from TD Bank's alleged negligence in opening the Account are time barred.

Under the second theory, RPCC alleges that TD Bank was liable for negligence, conversion, and aiding and abetting conversion for DiCrecchio's alleged unauthorized use of the Account.  Because claims for negligence, conversion, and aiding and abetting have a two-year statute of limitations period, all claims arising from DiCrecchio's alleged fraudulent withdrawals and fraudulent check writing must be brought within two years of their occurrence.  RPCC filed

---

[6] As explained below, aiding and abetting conversion is not a recognized claim in Pennsylvania. *See* Section G.  So, the statute of limitations for aiding and abetting generally is addressed in this section.

its Complaint on April 11, 2019.  Thus, all claims arising from DiCrecchio's fraudulent withdrawals and check writing before April 11, 2017 are barred.

Moreover, RPCC's claims arising from DiCrecchio's fraudulent withdraws and check writing are barred by the BDAA's clear and unambiguous terms.  RPCC agreed that (1) *fourteen calendar days* was a reasonable amount of time to review its Account statements; (2) RPCC would notify TD Bank of any issues on the Account within *sixty calendar days* after TD Bank mailed RPCC Account statements; and (3) if RPCC failed to notify TD Bank within *sixty calendar days* after the mailing of any Account statements showing the allegedly fraudulent withdraws or forged checks as paid, then RPCC is barred from bringing a lawsuit against TD Bank, even if TD Bank was at fault. *See* Ex. A at 14.

### C.    The PA UCC Displaces RPCC's Common Law Claims For Unauthorized Transactions.

It is well settled that the PA UCC displaces common law claims arising out of a banking transaction like the transactions allegedly at issue here.  *See Gress v. PNC Bank, Nat'l Ass'n*, 100 F. Supp. 2d 289, 292 (E.D. Pa. 2000) (finding that "the U.C.C. intends to produce *inter-jurisdictional uniformity* as to the commercial activities it governs and, further, that *displacing common law tort liability* with respect to such activities is *vital* to that project."); *Metro Waste, Inc. v. Wilson Check Cashing, Inc.*, March 2003 Term, No. 2117, 2003 Phila. Ct. Com. Pl. LEXIS 56, at *3-6 (Pa. Commw. Ct. Sept. 23, 2003); *Citizens Bank of Pa. v. Chevy Chase Bank*, No. 03-cv-5208, 2004 U.S. Dist. LEXIS 6354, at *5-6 (E.D. Pa. Mar. 22, 2004); *Mack v. CTC Ill. Trust Co.*, No. 04-cv-0083, 2004 U.S. Dist. LEXIS 13997 at *17-18 (E.D. Pa. July 19, 2004); *Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314, at *13 (Pa. Commw. Ct. Aug. 29, 2007); *United States Steel Corp. v. Express Enterprises of Pennsylvania, Inc.*, No. 0140, 2006 Phila. Ct. Com. Pl. LEXIS 149 at *3 (Pa. Commw. Ct. March

22, 2006) ("*where the UCC provides a comprehensive remedy for the parties to a transaction, a common law action will be barred*").

The PA UCC "is to be liberally construed and applied to promote its underlying purposes and policies which include simplifying and clarifying the law governing commercial transactions, fostering an expansion of commercial practices and standardizing the law of various jurisdictions." *Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314, at * 13 (Pa. Commw. Ct. Aug. 29, 2007) (citing *United States Steel Corp. v. Express Enterprises of Pennsylvania, Inc.*, No. 0140, 2006 Phila. Ct. Com. Pl. LEXIS 149 (Pa. Commw. Ct. March 22, 2006)).

Indeed, the PA UCC provides the framework to govern the banking transactions at issue here.  That framework is found in 13 Pa. Cons. Stat. § 4406.  Accordingly, RPCC's common law claims for negligence, conversion, and aiding and abetting conversion concerning alleged unauthorized transactions must be dismissed because they are displaced by the PA UCC.

1. **Under the PA UCC, TD Bank is Not Liable For the Allegedly Unauthorized Checks Because RPCC Never Gave TD Bank Timely Notice of DiCrecchio's Unauthorized Transactions.**

Under the PA UCC, a bank customer has a duty to discover and report unauthorized signatures or alterations to their checks within 30 days.  *See* 13 Pa. Cons. Stat. § 4406.  A bank customer is precluded from asserting claims against the bank for unauthorized payments when:

(1) the bank sends or makes available to the customer statements of account, *see* 13 Pa. Cons. Stat. § 4406(a), (c), (d);

(2) the customer failed in his duty to promptly notify the bank about the alleged forgery, *see* 13 Pa. Cons. Stat. § 4406(c), (d);

(3) the forgery was committed by the same wrongdoer, *see* 13 Pa. Cons. Stat. § 4406(d)(2); and

(4) the unauthorized payments for which the customer claims damages were made in the time period between,

(i) 30 days after the bank account statement revealing the forgery by the same wrongdoer was issued, *see id.*; and

(ii) when the bank first received notice from the customer of the alleged forgery, *see id*.

*See* 13 Pa. Cons. Stat. § 4406(d); *see also Gennone v. Peoples Nat'l Bank & Trust Co.*, No. 4574, 1971 Pa. Dist. & Cnty. Dec. LEXIS 551, at *2 (C.P. Montgomery Jan. 21, 1971) (precluding a bank customer, pursuant to predecessor statute to Section 4406, from asserting claims for checks allegedly forged by his wife, and which were paid by the bank more than 14 days after the first bank statement containing an item with an unauthorized signature was made available). Because this rule applies when the same individual committed the wrong, it is often referred to as the Repeater Rule.

Here, under the Repeater Rule in the PA UCC, RPCC is precluded from asserting claims for all unauthorized payments made 30 days after the first account statement was made available that listed the first unauthorized transaction. Specifically, because DiCrecchio committed all of the alleged fraud, RPCC was required to report the first fraud within 30 days of the first account statement being made available. RPCC admits that it allowed DiCrecchio's fraud to go unchecked for decades and that it failed to report any authorized transactions to TD Bank. Thus, RPCC is precluded from recovery any of the unauthorized transactions it could have found by simply reviewing its own bank statements.

Moreover, because RPCC failed to notify TD Bank of the alleged fraud within one year of an account statement being made available, the Court does not need to consider the "ordinary care" of either RPCC and TD Bank. "***Without regard to care or lack of care*** of either the customer or the bank, a ***customer who does not within one year*** after the statement or items are made available to the customer (subsection (a)) discover and report the customer's unauthorized

signature on or any alteration on the item ***is precluded from asserting against the bank the unauthorized signature or alteration***."  *See* 13 Pa. Cons. Stat. § 4406(f).

Because the PA UCC provides the duties of RPCC and TD Bank concerning the alleged unauthorized transactions, RPCC's common law claims are barred.[7]

### D.   RPCC Has No Private Right of Action Under the Bank Secrecy Act For Negligence in Opening The Account.

A private citizen may only enforce a federal law if Congress creates a private right of action. *James v. Heritage Valley Fed. Credit Union*, 197 Fed.Appx. 102, 106 (3d Cir. 2006) (citing *Lawrence Twp. Bd. of Educ. v. New Jersey*, 417 F.3d 368, 371 (3d Cir. 2005).  It is undisputed that the Bank Secrecy Act does not create a private right of action against financial institutions. *Id*. (explaining that the Bank Secrecy Act "does not authorize a private cause of action against a financial institution….").

RPCC's negligence claim seeks to bootstrap a duty from the Bank Secrecy Act. In Count II of its Complaint, RPCC alleges that TD Bank "fail[ed] to adhere to its own account-opening protocols and the applicable bank regulations under 31 C.F.R. §103.121 in the creation of the TD Bank account…."  Compl. at ¶ 73.  In other words, RPCC alleges that the Customer Identification Program requirements of the Bank Secrecy Act (31 C.F.R. §103.121) create a duty of care on TD Bank.  Compl. at ¶ 70.

But this claim fails because there is no private right of action to enforce the alleged duty, and no duty of care predicated on the statute's monitoring requirements.  *See James v. Heritage Valley Fed. Credit Union*, 197 Fed.Appx. 102, 106 (3d Cir. 2006) (citing *Lawrence Twp. Bd. of Educ. v. New Jersey,* 417 F.3d 368, 371 (3d Cir. 2005) (explaining that the Bank Secrecy Act "does

---

[7] Further, any amended complaint to assert a claim under the PA UCC would be futile because RPCC did not review it account statements and timely report fraud.

not authorize a private cause of action against a financial institution….”); *Shtutman v. TD Bank, N.A.,* CIV. 14-792 JEI/AMD, 2014 WL 1464824, at *2 (D.N.J. Apr. 15, 2014) (“[I]t is undisputed that there is no private right of action under the Bank Secrecy Act”); *Taveras v. Resorts Int'l Hotel, Inc.*, CIV. 07-4555(RMB), 2008 WL 4372791, at *7 (D.N.J. Sept. 19, 2008) (holding that a plaintiff has no private right of action under the Bank Secrecy Act); *SFS Check, LLC v. First Bank of Delaware*, 990 F.Supp.2d 762, 775 (E.D. Mich. 2013), aff'd, 774 F.3d 351 (6th Cir. 2014) (“Therefore, under any theory of negligence predicated on CIP or Bank Secrecy Act compliance, monitoring, or implementation… the law does not provide a basis for imposing a duty of care owed…to Plaintiff.”); *Pub. Serv. Co. of Oklahoma v. A Plus, Inc.*, CIV-10-651-D, 2011 WL 3329181, at *8 (W.D. Okla. Aug. 2, 2011) (“***[B]ecause the Bank Secrecy Act does not create a private right of action, the Court can perceive no sound reason to recognize a duty of care that is predicated upon the statute's monitoring requirements***.”); *In re Agape Litig.*, 681 F.Supp.2d 352, 360 (E.D.N.Y. 2010) (“[T]he Bank Secrecy Act does not create a private right of action... ”).

E.   **There is No Negligence Under *13 Pa. C.S. §§ 3405* and *3406* Because RPCC Never Gave TD Bank Timely Notice of the Alleged Fraud.**

RPCC's negligence claim under *13 Pa. C.S. §§ 3405* and *3406* also fails for the same reasons shown above – irrespective of TD Bank's ordinary care, RPCC cannot recover because RPCC failed to review its accounts statements and report the fraud.

Under 13 Pa. C.S.A. § 3406,

> “[a] person whose ***failure to exercise ordinary care*** substantially contributes to an ***alteration of an instrument*** or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.”

But, under 13 Pa. C.S.A. § 4406, this Court does not need to consider the “ordinary care” of either RPCC and TD Bank because RPCC failed to notify TD Bank of the alleged fraud within

11

one year of an account statement being made available,.  "*Without regard to care or lack of care* of either the customer or the bank, a *customer who does not within one year* after the statement or items are made available to the customer (subsection (a)) discover and report the customer's unauthorized signature on or any alteration on the item *is precluded from asserting against the bank the unauthorized signature or alteration*."  *See* 13 Pa. Cons. Stat. § 4406(f).

Moreover, as stated in Section B, the BDAA bars RPCC from bringing claims arising from DiCrecchio's fraudulent withdraws and checks, irrespective of TD Bank's fault. *See* Ex. A at 14. The BDAA clearly imposes a duty on RPCC to check its Account statements and to report any "error[s], forgery, or other problem[s]" to TD Bank within sixty days after TD Bank mailed RPCC Account statements that listed the fraudulent withdrawals or checks as paid. *Id*.  RPCC's failure to abide by these terms completely bars RPCC from bringing an action against TD Bank. *Id*.

### F.   Conversion By the Issuer of an Instrument is Inactionable, and RPCC Never Alleges That TD Bank Intended to Exercise Dominion or Control Over RPCC's Funds.

RPCC's claim for conversion fails to state a claim as a matter of law for two reasons.  *First*, under Pennsylvania law, conversion is the deprivation of another's right of property, or use or possession of a chattel, or other interference therewith, without the owner's consent and without legal justification. *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997).

RPCC never alleges that TD Bank had the requisite "intent to exercise dominion or control" over RPCC's funds, which is a necessary element for a conversion action. *Lebanon Cty. Earned Income Tax Bureau v. Bank of Lebanon Cty.*, 2007-01270, 2011 WL 12847599, at *19 (Pa. Com. Pl. Jan. 10, 2011) (citing *Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987).  To the contrary, RPCC admits that the funds were always in the Account of RPCC, controlled by its President and CEO – DiCrecchio – not TD Bank.

**Second**, the PA UCC and Pennsylvania case law make clear that "[a]n action for conversion of an instrument may not be brought by the issuer or acceptor of the instrument." 13 Pa.C.S.A. § 3420(a) & cmt. 1 ("There is no reason why a *drawer* should have an action in conversion."); *Bucci v. Wachovia Bank, N.A.*, 591 F.Supp.2d 773, 782 (E.D. Pa. 2008); *Citizens Bank of Pennsylvania v. Chevy Chase Bank*, CIV.A. 03-CV-5208, 2004 WL 875499, at *2 (E.D. Pa. Mar. 22, 2004); *St. Julien v. Andrews*, CIV. A. 972236, 1998 WL 134223, at *2 (E.D. Pa. Mar. 24, 1998); *see also Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314, at * 9 (Pa. Commw. Ct. Aug. 29, 2007) ("The provisions in § 3420 barring the issuer of a check from proceeding on a conversion theory is based on the fact that an issued check is not 'property' of the issuer, but rather an obligation, representing a payment to the payee.").

An "issuer" is defined as the "maker or drawer of an instrument." 13 Pa.C.S.A. § 3105; *Bucci*, 591 F.Supp.2d at 782; *St. Julien*, 1998 WL 134223, at *2.  For purposes of 13 Pa. C.S. § 3420, the President of a company is considered to be an agent of the issuer.  *Sebastian v. D & S Exp., Inc.*, 61 F.Supp.2d 386, 390 (D.N.J. 1999) (applying Pennsylvania law and barring a company from bringing a claim for conversion under 13 Pa. C.S. § 3420 for embezzlement by its former President).  RPCC is the "drawer of [the] instrument" and is therefore barred from bringing a claim for conversion under 13 Pa. C.S. § 3420. *Id*.

Here, the conversion claim fails under § 3420 of the PA UCC because RPCC is the issuer of the checks that allegedly were converted.  Accordingly, RPCC's conversion claim must be dismissed because it fails to state a claim as a matter of law.

### G.   Pennsylvania Does Not Recognize a Claim for Aiding and Abetting Conversion, and RPCC Fails to Allege the Elements of Aiding and Abetting.

RPCC's claim for aiding and abetting conversion fails for two reasons.  **First**, Pennsylvania does not recognize a claim for aiding and abetting conversion.  *Mifflinburg Tel., Inc. v. Criswell*, 277 F.Supp.3d 750, 795 (M.D. Pa. 2017) ("find[ing] that there is no 'aiding and abetting conversion' tort in Pennsylvania").

**Second**, RPCC's claim also fails because RPCC has not alleged any of the elements of aiding and abetting.  Under Pennsylvania law, a claim for common law aiding and abetting requires: "(1) that an independent wrong exist; (2) that the aider or abettor know of that wrong's existence and (3) that substantial assistance be given in effecting that wrong." *Eagle v. Morgan*, CIV.A. 11-4303, 2013 WL 943350, at *12 (E.D. Pa. Mar. 12, 2013) (citing *Kranzdorf v. Green*, 582 F.Supp. 335, 337 (E.D. Pa. 1983).

Here, RPCC fails to allege each element of its claim.  First, as shown above, no independent wrong of conversion exists.  Second, RPCC fails to allege that TD Bank had any knowledge of DiCrecchio's wrongdoing or that he was exceeding the authority provided by RPCC's board.  RPCC admits that the Account was used for its legitimate business and RPCC does not, and cannot, allege how TD Bank would know when DiCrecchio was doing authorized transactions as opposed to unauthorized transactions.  Third, RPCC fails to allege any facts that plausibly establish that TD Bank provided substantial assistance to DiCrecchio in embezzling RPCC's funds.  TD Bank simply opened the Account and allowed RPCC to transact business on its Account.  Accordingly, RPCC's aiding and abetting conversion claim must be dismissed because it fails to state a claim as a matter of law.

14

## IV.    CONCLUSION

There are *six* reasons why TD Bank's Motion to Dismiss should be granted and RPCC's complaint should be dismissed with prejudice:

*First*, RPCC's claims are barred by the statute of limitations;

*Second*, the PA UCC bars RPCC's common law claims concerning the alleged unauthorized transactions;

*Third*, there is no private right of action under the Bank Secrecy Act that permits RPCC's negligence claim for improper account opening fails;

*Fourth*, RPCC fails to state a negligence claim based on 13 Pa. C.S. §§3405 and 3406 because RPCC failed to timely report any unauthorized transactions to TD Bank;

*Fifth*, RPCC fails to state a plausible claim for conversion because (a) an action for conversion may not be brought by the issuer, like RPCC, and (b) RPCC never alleges that TD Bank possessed the requisite intent to exercise dominion or control over RPCC's funds required for a claim for conversion; and

*Sixth*, RPCC fails to state a plausible claim for aiding and abetting conversion because (a) Pennsylvania does not recognize a claim for aiding and abetting conversion, and (b) RPCC has not alleged any of the elements of a claim for aiding and abetting.

Respectfully submitted,

/s/ Lynne E. Evans
Alexander D. Bono (25845)
Ryan E. Borneman (203540)
Lynne E. Evans (313479)
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA 19103
ABono@duanemorris.com
REBorneman@duanemorris.com
LEEvans@duanemorris.com
Tel: (215) 979-1000
Fax: (215) 979-1020

Dated:  June 19, 2019                    *Attorneys for Defendant TD Bank, N.A.*