# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Regional Produce Cooperative Corporation, <br><br>                 Plaintiff, <br> v. <br><br> TD Bank, N.A., <br><br>               Defendant. | Civil Action No.: 2:19-cv-01883-MSG |

**PLAINTIFF REGIONAL PRODUCE COOPERATIVE CORPORATION'S
BRIEF IN OPPOSITION TO DEFENDANT TD BANK N.A.'S
<u>MOTION TO DISMISS</u>**

Christopher R. Hall, Esquire
Jennifer L. Beidel, Esquire
Kyle E. Gray, Esquire
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102

*Attorneys for Plaintiff*
*Regional Produce Cooperative Corporation*

Dated:  July 3, 2019

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................... 1

III.  ARGUMENT ....................................................................................................... 2

    A.    TD Bank Distorts the Rule 12(b)(6) Standard. ................................................ 2

    B.    The Court Should Disregard the Extraneous Facts TD Bank Has
    Inappropriately Introduced. ............................................................................. 3

        1.    *The BDAA Conflicts with Other TD Bank Documents.* ............................ 3

        2.    *RPCC's Claims Are Not Based on the BDAA and the Court Should
        Disregard It.* .......................................................................................... 5

    C.    RPCC's Claims Are Timely and Any Applicable Limitations Period Is
    Tolled. .............................................................................................................. 6

        1.    *RPCC's Common Law Tort Claims Are Timely.* ................................... 6

        2.    *RPCC's Statutory Claims Are Timely.* .................................................. 8

    D.    TD Bank Cannot Claim Protection Under 13 Pa. C.S. § 4406 Because
    It Never Made Statements Available to RPCC. ................................................ 9

    E.    RPCC May Maintain Common Law Claims in Tandem with the PCC. ........ 10

    F.    TD Bank's Failure to Adhere to Applicable Banking Regulations Is
    Relevant to Its Breach of the Standard of Care. ............................................ 12

    G.    RPCC's Claim for Conversion Under 13 Pa. C.S. § 3420 Is Well-Pled. ........ 13

    H.    Aiding and Abetting Conversion Is a Recognized Claim. .............................. 14

IV.   CONCLUSION ................................................................................................. 15

# **TABLE OF AUTHORITIES**

**CASES**

*Bernhardt v. Needleman*,
    705 A.2d 875 (Pa. Super. Ct. 1997) ........................................................................13

*Bistrian v. Levi*,
    696 F.3d 352 (3d Cir. 2012) ..................................................................................2

*Bucci v. Wachovia Bank, N.A.*,
    591 F. Supp. 2d 773 (E.D. Pa. 2008) ......................................................8, 9, 10, 11

*Deutsch v. Wells Fargo Bank, N.A.*,
    No. CIV.A. 13-3914, 2015 WL 3833226 (E.D. Pa. June 22, 2015) ............................9

*Dilworth v. Metro. Life Ins. Co.*,
    418 F.3d 345 (3d Cir. 2005) ....................................................................................4

*Dolan v. PHL Variable Ins. Co.*,
    No. 3:15-CV-01987, 2018 WL 1696650 (M.D. Pa. Apr. 6, 2018) ...........................4

*Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A.*,
    741 F. Supp. 2d 705 (E.D. Pa. 2010) ....................................................................14

*Estate of Hollywood v. First Nat'l Bank of Palmerton*,
    859 A.2d 472 (Pa. Super. Ct. 2004) ........................................................................8

*Fine v. Checcio*,
    870 A.2d 850 (Pa. 2005) ..............................................................................6, 8, 13

*In re Egalet Corp. Sec. Litig.*,
    340 F. Supp. 3d 479 (E.D. Pa. 2018) ......................................................................5

*In re Mushroom Transp. Co., Inc.*,
    382 F.3d 325 (3d Cir. 2004) ....................................................................................6

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
    No. 13-MD-2445, 2017 WL 4910673 (E.D. Pa. Oct. 30, 2017) ...........................2, 3

*James v. Heritage Valley Fed. Credit Union*,
    197 F. App'x 102 (3d Cir. 2006) ..........................................................................12

*Lebanon Cty. Earned Income Tax Bureau v. Bank of Lebanon Cty.*,
    No. 2007-01270, 2011 WL 12847599 (Pa. Com. Pl. Jan. 10, 2011) ......................12

*Marion v. TDI, Inc.*,
    No. CIV.A. 02-7032, 2004 WL 1175740 (E.D. Pa. May 27, 2004) ........................14

*Menichini v. Grant*,
  995 F.2d 1224 (3d Cir. 1993)..................................................................................8

*New Jersey Bank, N. A. v. Bradford Sec. Operations, Inc.*,
  690 F.2d 339 (3d Cir. 1982).............................................................................10, 11

*Phillips v. Cty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ...................................................................................3

*Pinker v. Roche Holdings Ltd.*,
  292 F.3d 361 (3d Cir. 2002)....................................................................................3

*Schwartz v. Bryn Mawr Tr. Co.*,
  No. 96-0038, 1996 WL 479659 (E.D. Pa. Aug. 21, 1996) ......................................9

*Sebastian v. D & S Exp., Inc.*,
  61 F. Supp. 2d 386 (D.N.J. 1999) ..........................................................................14

*Shtutman v. T.D. Bank, N.A.*,
  No. CIV. 14-792 (JEI/AMD), 2014 WL 1464824 (D.N.J. Apr. 15, 2014)........12, 13

*Taveras v. Resorts Int'l Hotel, Inc.*,
  No. CIV. 07-4555 (RMB), 2008 WL 4372791 (D.N.J. Sept. 19, 2008)................12

*Zen Invs., LLC v. Unbreakable Lock Co.*,
  276 F. App'x 200 (3d Cir. 2008) ...........................................................................14

STATUTES

13 Pa. C.S. § 1103(b) ....................................................................................................10

13 Pa. C.S. § 3405 .......................................................................................................8, 9

13 Pa. C.S. § 3406 .......................................................................................................8, 9

13 Pa. C.S. § 3420 .....................................................................................................8, 13

13 Pa. C.S. § 4406 ...............................................................................................9, 10, 11

Fed. R. Civ. P. 8(a)(2) ....................................................................................................6

Fed. R. Civ. P. 12(b)(6)..........................................................................................2, 3, 15

## I.      INTRODUCTION

Plaintiff Regional Produce Cooperative Corporation ("RPCC") opposes Defendant TD Bank, N.A.'s ("TD Bank" or "the Bank") Motion to Dismiss RPCC's Complaint (the "Motion").  RPCC's Complaint is well-pled and supports RPCC's claims.  TD Bank's Motion, in contrast, relies on extraneous facts improperly introduced and depends on factual disputes that must be construed in RPCC's favor.  For these reasons, TD Bank's Motion must fail.[1]

## II.     FACTUAL BACKGROUND

RPCC's Complaint alleges TD Bank negligently facilitated an embezzlement scheme by (a) opening a bank account without authorization from the organizational customer, (b) issuing dual-signature checks to a rogue employee, (c) failing to advise the organization that the Bank would transact dual-signature checks on only one signature, and (d) permitting the rogue employee to withdraw millions of dollars via checks signed only by him.  RPCC seeks to recover funds lost because of TD Bank's negligence, including its failure to follow its own account opening protocols and to address obvious red flags.

TD Bank permitted RPCC's former President and CEO, Caesar "Sonny" DiCrecchio ("DiCrecchio"), to open a Business Checking account (the "TD Account" or the "Account") in the name of RPCC's predecessor company, Philadelphia Fresh Food Terminal Corporation ("PFFTC").  (Complaint at ¶¶ 3, 21-23.)  Despite the fact that TD Bank's own account opening protocols required Board authorization to open business accounts, TD Bank allowed DiCrecchio to open the Account on his signature alone as the organization's Executive Director.  The line on the account opening form for the organization's Secretary was left blank.  (*Id.* at ¶¶ 1-4, 21-36.) TD Bank then issued dual-signer checks for the Account.  (*Id.* at ¶ 59.)  After issuing the dual-

---

[1] Alternatively, if the Court finds additional facts should be pled with respect to a particular claim, RPCC requests leave to amend.

signer checks, TD Bank tripled down on its negligence by allowing DiCrecchio to use the Account to deposit and withdraw funds belonging to RPCC, even though RPCC was never added as an account holder.  Finally, TD Bank hit for the cycle by never seeking a resolution or other Board approval from RPCC permitting use of the Account.  (*Id.* at ¶¶ 5, 40-45.)

TD Bank's negligence facilitated a scheme by DiCrecchio to embezzle approximately $8 million from the TD Account using checks cashed on only his signature.  (*Id.* at ¶¶ 6, 51-56.) The checks on their face suggested they required two signatures, and served to lull the PFFTC and RPCC Boards into believing there were appropriate checks and balances on DiCrecchio's ability to use the Account.  (*Id.* at ¶ 59.)

RPCC discovered DiCrecchio's fraudulent conduct in August of 2018, when DiCrecchio confessed his wrongdoing.  (*Id.* at ¶¶ 15, 57.)  RPCC only then learned the TD Account had been opened as a single-signer account.  (*Id.* at ¶ 58.)  TD Bank's account opening failures allowed DiCrecchio to use dual-signature checks to suggest faithful compliance to his Board and the Bank's unknown single-signature processing practices to betray the Board's trust.  (*See id.* at ¶¶ 4, 31-37, 59.)  The Bank's practices created an Account with a secret (and devastating) function.

## III.    ARGUMENT

### A.    TD Bank Distorts the Rule 12(b)(6) Standard.

TD Bank misstates the motion to dismiss standard, which asks whether RPCC's factual allegations, taken as true, plausibly entitle RPCC to relief.  *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2017 WL 4910673, at *6 (E.D. Pa. Oct. 30, 2017) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)).  The Court must presume the truth of a plaintiff's allegations, construe the complaint "in the light most favorable to the plaintiff," and then determine whether "under any reasonable reading of the complaint, the

2

plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

TD Bank bears the burden of demonstrating RPCC has not stated claims upon which relief can be granted. *In re Suboxone*, 2017 WL 4910673, at *6. TD Bank has not met this burden. TD Bank's arguments largely hinge on new "facts" asserted in its Motion. RPCC disputes these new "facts," and TD Bank's reliance on them is improper for purposes of a Rule 12(b)(6) motion to dismiss.

        **B.**     **The Court Should Disregard the Extraneous Facts TD Bank Has Inappropriately Introduced.**

TD Bank attaches to its Motion a Business Deposit Account Agreement ("BDAA"), and cites it as grounds to dismiss RPCC's claims to the extent they are premised on the Account's single-signer status. The BDAA, however, conflicts with documents RPCC references in its Complaint, giving rise to material factual and legal questions that may only be resolved by the Court and factfinder at later stages of the litigation. Moreover, introduction of a document alien to RPCC's Complaint on a motion to dismiss is procedurally improper because RPCC has not based its claims on this document. The Court should disregard TD Bank's attempt to do an end run around the motion to dismiss standard.

        1.     *The BDAA Conflicts with Other TD Bank Documents*.

The BDAA, which is the keystone of TD Bank's Motion, reveals the central weakness of its position because it conflicts with two documents on which RPCC relies—the Bank's Business Signature Card and Banking Resolution. The Bank provided both the Business Signature Card and the Banking Resolution to DiCrecchio when he opened the Account, and both represent that TD Bank offers multiple-signer accounts. (Complaint at ¶¶ 23-27, 30-35; *see also* Exhibit A

attached hereto.[2])  The Banking Resolution contains a blank space on which to list the minimum number of signatures required to withdraw funds and remit payments from the Account and provides up to four lines for the signatures of authorized individuals.  (*See* Complaint at ¶¶ 31, 35; *see also* Exhibit A, Banking Resolution.)  Likewise, the Business Signature Card allows for up to four authorized signatures for the Account and has a section specifying the "Number of Signatures Required."  (*See* Exhibit A, Business Signature Card.)

How to resolve conflicting representations made by a defendant presents a fact question that cannot be decided at the motion to dismiss stage.  *See, e.g., Dolan v. PHL Variable Ins. Co.*, No. 3:15-CV-01987, 2018 WL 1696650, at *7 (M.D. Pa. Apr. 6, 2018) (plaintiffs adequately alleged justifiable reliance on misrepresentations of insurance agent, despite entering into contract with insurance company containing explicit disclaimer of misrepresentations made by agent, and such reliance was a fact question that could not be resolved on a motion to dismiss); *see also Dilworth v. Metro. Life Ins. Co.*, 418 F.3d 345, 353-54 (3d Cir. 2005) (reversing summary judgment dismissal of plaintiff's unfair trade practices claim and holding that "Pennsylvania law does not allow an insurer to use the explicit language of its insurance policy to defeat the reasonable expectations of an insured" and that "it is not unreasonable for insureds to rely on the representations of the insurer's agent rather than on the contents of the insurance policy").  Yet, TD Bank ignores the internal conflict among its documents and simply asserts that language in the BDAA that appears to disclaim any offer of a two-signer account fatally undercuts RPCC's claims.

TD Bank's argument would fail even if the Bank's own documents did not conflict on the availability of a two-signer account (which they do).  The Bank has failed to allege (because it

---

[2] Attached as Exhibit A is a copy of the Business Signature Card and the Banking Resolution for the TD Account that RPCC relied on in its Complaint.

cannot) that DiCrecchio or RPCC ever received the BDAA or that the Bank undertook any effort to communicate the essential terms of the BDAA to RPCC or its predecessor entity. (*See* Motion at 2.) This unresolved factual dispute is fatal to the Bank's Motion.

2. *RPCC's Claims Are Not Based on the BDAA and the Court Should Disregard It.*

TD Bank argues "RPCC became bound by" the BDAA when the Account was opened. (Motion at 2.) This argument has two flaws: (1) it misapprehends the relevant legal standard for reliance upon documents outside the Complaint and improperly construes multiple disputed facts in the Bank's favor; and (2) it assumes the evidence will show RPCC failed to exercise appropriate due diligence.

The Court should disregard the BDAA at this stage of the proceedings. The authority TD Bank cites does not support its position that the Court may consider the BDAA without converting its motion to dismiss into one for summary judgment. TD Bank's central case citation—*In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018)—would require the Court to find that the "claims in the complaint are 'based' on" the BDAA before the Court could consider the BDAA under the motion to dismiss standard. But even a cursory review of the Complaint demonstrates that RPCC's claims are not based on the BDAA. RPCC alleged that the Account was opened in the name of *a different entity* and that the Bank allowed RPCC's funds to be deposited into and withdrawn from an Account *that did not bear RPCC's name*. (Complaint at ¶¶ 3-5; 40-45.) RPCC does not allege it ever received the BDAA, and the Bank does not either. We repeat: the Bank does not represent to the Court that it ever transmitted the BDAA to RPCC or its predecessor entity, a fact that it would surely highlight if it were true. The Court should decline TD Bank's invitation to resolve a highly dubious fact—that the Bank only half-heartedly asserts—in its favor.

5

TD Bank commits a second error by advancing the unfounded presumption that RPCC lacked sufficient oversight or internal controls.  (Motion at 3.)  This assertion—even if true (which it is not)—has no bearing on whether RPCC has pled valid claims.  RPCC's Complaint need not anticipate and respond to every conceivable defense to state a claim.  RPCC has met its obligation to articulate "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).

### C.    RPCC's Claims Are Timely and Any Applicable Limitations Period Is Tolled.

#### 1.    *RPCC's Common Law Tort Claims Are Timely.*

RPCC has timely brought its common law tort claims, including its negligence claim and aiding and abetting conversion claim.  In advancing its argument to the contrary, TD Bank brushes aside Pennsylvania's equitable discovery rule, devoting a single sentence to its argument that the discovery rule is inapplicable to RPCC's claims.  But TD Bank is incorrect, and the equitable discovery rule tolls the applicable statute of limitations for RPCC's common law claims.

Pennsylvania's equitable discovery rule tolls the statute of limitations until a plaintiff, exercising reasonable diligence, reasonably knows or should know:  "(1) that he has been injured, and (2) that his injury has been caused by another party's conduct."  *In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 338 (3d Cir. 2004) (quotation omitted); *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) (limitations period tolled where party neither knows nor reasonably should have known injury and cause).  Whether RPCC exercised reasonable diligence presents a question for the fact-finder unless the "facts are so clear that reasonable minds cannot differ." *Mushroom Transp. Co.*, 382 F.3d at 339 (quotation omitted).

While TD Bank suggests RPCC's claims are time barred, the Bank also admits that DiCrecchio acted as a "rogue employee," a key fact illustrating reasonable minds can differ on the statute of limitations question. A rogue employee is by definition "deceptive." And the word "deceptive" refers to the "power to cause someone to accept as true . . . what is false." *Deceptive*, Merriam-Webster, https://www.merriam-webster.com/dictionary/deceptive (last visited July 3, 2019). This is precisely what happened. DiCrecchio—empowered by TD Bank's negligence—caused RPCC to believe the Account required two signatures when this was false.

RPCC has alleged TD Bank permitted DiCrecchio to open the Account without the authorization required by the Bank's own policies and procedures and, unbeknownst to RPCC, as a single-signer account. (Complaint at ¶¶ 21-27, 30-36.) RPCC further alleges it did not discover this scheme until after DiCrecchio confessed in August 2018, in part, because the dual-signer checks that TD Bank provided enabled DiCrecchio to hide his scheme. (*Id.* at ¶¶ 15, 57-59.) Because RPCC had no reason to know of DiCrecchio's misconduct until his confession, RPCC's claims are tolled under the equitable discovery rule. RPCC's suit was brought well within the two-year applicable limitations period, which began to run in August 2018.

While TD Bank argues that RPCC's awareness of the TD Account's *existence* precludes its claims, TD Bank ignores the substance of RPCC's claims. RPCC has not alleged it did not know the TD Account existed; rather, RPCC was unaware of the improper manner in which the TD Account was opened, and the secret feature that permitted DiCrecchio to make withdrawals from the TD Account on his signature alone and without proper authorization. The dual-signature checks TD Bank provided allowed DiCrecchio to trick RPCC into believing the Bank would only honor checks drawn with two signatures, when in fact the Bank permitted

DiCrecchio to draw checks on his signature alone.  (*See id.* at ¶¶ 30-36, 58-59.)  This scheme allowed DiCrecchio to prevent RPCC from discovering the fraud sooner.

        2.    *RPCC's Statutory Claims Are Timely.*

When RPCC should have reasonably discovered its claim for negligence is a factual question that precludes dismissal of RPCC's negligence and conversion claims brought under Sections 3405, 3406, and 3420 of the Pennsylvania Commercial Code ("PCC").  The statute of limitations for PCC claims may be tolled under the fraudulent concealment doctrine.  *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 787 (E.D. Pa. 2008); *see also Menichini v. Grant*, 995 F.2d 1224, 1230-31 (3d Cir. 1993) (recognizing fraudulent concealment as a basis for tolling the statute of limitations for a PCC claim); *Estate of Hollywood v. First Nat'l Bank of Palmerton*, 859 A.2d 472, 482 (Pa. Super. Ct. 2004) (same).  Fraudulent concealment "does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception," and occurs where a defendant "causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts."  *Fine*, 870 A.2d at 860.  Here, TD Bank caused RPCC to relax its vigilance by providing checks to DiCrecchio that bore two signature lines and concealed the Account's single-signer status.  DiCrecchio used the two signature lines on the Bank's checks to trick RPCC into believing the Bank would only honor checks drawn with two signatures, when in fact the Bank permitted DiCrecchio to draw checks on his signature alone.  (*See* Complaint at ¶¶ 4, 58-59.)  This was an affirmative act of concealment, and is made worse in light of the fact that TD Bank knew that:  (1) the TD Account only required a single signer—DiCrecchio; and (2) the Banking Resolution submitted in connection with the TD Account was incomplete, omitting the signature of PFFTC's Secretary and the required evidence of a Board resolution.  (*Id.* at ¶¶ 23-27, 30-36.)  The fraudulent concealment doctrine applies to toll the statute of limitations on RPCC's PCC claims.

**D.**     **TD Bank Cannot Claim Protection Under 13 Pa. C.S. § 4406 Because It Never Made Statements Available to RPCC.**

TD Bank asserts that RPCC's negligence claims brought under Sections 3405 and 3406 are barred pursuant to the one-year limitations period of Section 4406 of the PCC. TD Bank's argument fails because TD Bank never entered into a formal customer relationship with RPCC with respect to the Account and "to trigger the limitations period in section 4406(f), [a bank] must first have provided [the customer] with information 'sufficient to allow the customer reasonably to identify the items paid.'" *Bucci*, 591 F. Supp. 2d at 785; *id.* ("A customer's duties under subsection (c) are triggered only when sufficient account information is provided by the bank pursuant to subsection (a)."); *see also Schwartz v. Bryn Mawr Tr. Co.*, No. 96-0038, 1996 WL 479659, at *5 (E.D. Pa. Aug. 21, 1996) (a bank must "make 'available' to the customer the statement of account" as a prerequisite to claiming the benefit of the one-year limitations period).

Ascertaining whether a bank has satisfied its obligations under Section 4406 focuses on the bank's, rather than on the customer's, actions. *See Deutsch v. Wells Fargo Bank, N.A.*, No. CIV.A. 13-3914, 2015 WL 3833226, at *7 (E.D. Pa. June 22, 2015) (noting that "the clock begins to tick" based on when "[the bank] first made the statement available" not upon the customer's awareness of the statement). Viewed through the lens of TD Bank's actions, the proper application of Section 4406 becomes clear: TD Bank never mailed or otherwise provided an account statement to RPCC because RPCC was never added to the Account and never formally recognized as a customer. The TD Account was always held in the name of PFFTC, not RPCC. (Complaint at ¶¶ 40-45.) Having negligently permitted RPCC's money to pass through PFFTC's Account, TD Bank cannot now claim to have sent RPCC account statements. TD Bank simply cannot have it both ways.

Beyond that, Section 4406 presents a fact-specific standard centered on whether a customer has exercised "reasonable promptness" in examining a statement and whether the customer should "reasonably have discovered the unauthorized payment."  13 Pa. C.S. § 4406. On its face, Section 4406's standard contains numerous fact questions that cannot be resolved at this stage, all of which are further complicated by TD Bank's negligence at account opening. Even if RPCC had been TD Bank's formal customer (which it wasn't), TD Bank's Section 4406 argument could not be resolved at this stage.

### E.    RPCC May Maintain Common Law Claims in Tandem with the PCC.

The PCC does not automatically displace common law causes of action.  Instead, a common law negligence claim may be brought in parallel with claims under the PCC, unless the defendant makes a showing that a particular provision of the PCC fully redresses the plaintiff's injuries.  *See Bucci*, 591 F. Supp. 2d at 781 & n.7 ("[I]t is well established in the Third Circuit . . . that under some fact patterns, a plaintiff may maintain a common law claim for negligence parallel to a claim under the PCC.").  Here, RPCC's common law claims may proceed in parallel with its statutory claims because TD Bank has failed to show complete redress by the PCC.

The PCC codifies the understanding that common law principles may supplement the statutory remedies it articulates.  Under 13 Pa. C.S. § 1103(b), the "principles of law and equity" including "the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy and other validating or invalidating cause," were intended to "supplement [the PCC's] provisions" unless these principles are "displaced by the particular provisions of this title."  There is a "presumption" that "supplementary principles of law" will continue to operate in conjunction with the PCC unless a provision of the PCC "provides a 'comprehensive remedy for parties to a transaction.'"  *Bucci*, 591 F. Supp. 2d at 779 (citing *New Jersey Bank, N. A. v. Bradford Sec. Operations, Inc.*, 690

F.2d 339, 346-47 (3d Cir. 1982)).  Thus,  "parallel Code and common law claims may be maintained except in circumstances where (1) the Code provides a comprehensive remedial scheme, and (2) reliance on the common law would undermine the purposes of the Code."  *Id.*

The *Bucci* court held that in order for a bank to "make its case for displacement," the bank had to "first set forth the particular provision or provisions of the PCC that it believes to supplant [plaintiff's] common law claims." *Id.* at 780.  The bank in *Bucci* argued that Section 4406 did just that, but the court disagreed.  While Section 4406 sets forth "the duties of the customer and bank with respect to commercial transactions involving unauthorized signatures or altered instruments," the court observed that "[the plaintiff's] allegations involve a fraudulent scheme that involved altered check[s], checks improperly made out to 'Cash,' checks deposited into business and personal accounts, all of which took place at the same branch of the same bank over a period spanning nearly a decade."  *Id.* at 781.  The court found that at the motion to dismiss stage, it was "not apparent whether the totality of the allegations, which I must construe in favor of the plaintiff, are fully redressable by section 4406, or any other section of the Code." *Id.*  The court held that the plaintiff's negligence claims could proceed in tandem with its statutory claims under the PCC.  *Id.*

Much like the plaintiff's allegations in *Bucci*, RPCC's allegations against TD Bank involve the Bank's facilitation of a decades-long fraudulent scheme involving the use of unauthorized checks payable to fictitious entities, the alteration of otherwise legitimate checks, and the siphoning of funds to DiCrecchio and third parties for personal expenses, among other things.  (Complaint at ¶ 55.)  And, RPCC's allegations go even further than the plaintiff's allegations in *Bucci*:  RPCC was injured because TD Bank improperly opened the TD Account without the proper authority and as a single-signer account, and then compounded this error by

11

allowing DiCrecchio to use the TD Account to deposit and withdraw funds belonging to RPCC, when RPCC was never an account holder.  This aspect of RPCC's claims is simply not covered by, and therefore not redressable by, the PCC.

As in *Bucci*, it is proper for RPCC to assert claims against TD Bank under the common law and the PCC.  *See Lebanon Cty. Earned Income Tax Bureau v. Bank of Lebanon Cty.*, No. 2007-01270, 2011 WL 12847599, at *13 n.5 (Pa. Com. Pl. Jan. 10, 2011) (acknowledging that it allowed plaintiff to proceed with its claim for improper account opening against a bank under the common law).  RPCC's common law claims should be allowed to proceed in tandem with its statutory claims.

### F.     TD Bank's Failure to Adhere to Applicable Banking Regulations Is Relevant to Its Breach of the Standard of Care.

TD Bank misconstrues RPCC's citation to the applicable federal banking regulations. RPCC does not claim a cause of action under the Bank Secrecy Act as the plaintiff did in *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006); *see also Taveras v. Resorts Int'l Hotel, Inc.*, No. CIV. 07-4555 (RMB), 2008 WL 4372791, at *7 (D.N.J. Sept. 19, 2008) (plaintiff asserted a claim specifically under the Bank Secrecy Act, not a negligence claim that looked to federal regulations to inform the standard of care), *mot. for relief from judgment denied*, No. CIV. 07-4555 (RMB), 2008 WL 5115911 (D.N.J. Dec. 4, 2008). RPCC instead cites the Bank Secrecy Act to inform the applicable standard of care.  And RPCC alleges a host of other reasons TD Bank's conduct breached the standard of care.  (*See* Complaint at ¶¶ 3, 31-36, 40-45, 64, 71.)

The authority TD Bank cites actually supports RPCC's position.  In *Shtutman v. T.D. Bank, N.A.*, for example, the court held that while federal law did not create a private right of action under the Bank Secrecy Act, the federal banking regulations were relevant evidence of

negligence under a state law negligence claim.  *See* No. CIV. 14-792 (JEI/AMD), 2014 WL 1464824, at *2 (D.N.J. Apr. 15, 2014) (finding that "under New Jersey law, violation of the Bank Secrecy Act's reporting requirements" could constitute "evidence of TD Bank's negligence").  The banking regulations RPCC cites may properly be considered as evidence of TD Bank's negligence.

     **G.**     **RPCC's Claim for Conversion Under 13 Pa. C.S. § 3420 Is Well-Pled.**

     TD Bank's substantive challenge to RPCC's PCC conversion claim ignores the specific language of Section 3420.  (*See* Motion at 12 (citing *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. Ct. 1997) (interpreting common law conversion, not PCC conversion)).)  The statutory text of Section 3420 is clear:  an instrument is converted when "a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment."  13 Pa. C.S. § 3420(a).  And comment 1 to Section 3420 provides a useful example:  a conversion occurs when a check payable to two persons is deposited into only one person's account.  "If Depositary Bank takes the check [payable to Jane and John] for deposit to John's account, Depositary Bank is liable to Jane for conversion of the check if she did not consent to the transaction."  *Id.* cmt. 1.

     Here, the facts are worse for TD Bank than the example in comment 1 to Section 3420.  The Bank permitted DiCrecchio to deposit checks payable only to RPCC into an Account to which RPCC was never added and then permitted DiCrecchio to withdraw RPCC's funds without a second signature.  TD Bank again ignores RPCC's Complaint and instead seeks to substitute its own recitation of "facts," by arguing that "RPCC admits that the funds were always in the Account of RPCC."  (Motion at 12.)  In fact, the Bank opened the Account in PFFTC's name alone.  The Bank never added RPCC to the Account, and RPCC's name never appeared at the top of any checks.  (*See* Complaint at ¶¶ 40-45, 78-80.)

For this same reason, TD Bank's technical arguments must fail.  RPCC cannot be regarded as the drawer or issuer of the instruments because its name was never added to the TD Account or to the checks drawn on it.  *Cf. Sebastian v. D & S Exp., Inc.*, 61 F. Supp. 2d 386, 390 (D.N.J. 1999) (corporation was drawer and issuer because its name appeared at the top of each check).  TD Bank's motion to dismiss the PCC conversion claim must fail.

**H.      Aiding and Abetting Conversion Is a Recognized Claim.**

Despite the Bank's arguments to the contrary, aiding and abetting conversion is a recognized claim in Pennsylvania.  *See Marion v. TDI, Inc.*, No. CIV.A. 02-7032, 2004 WL 1175740, at *2 (E.D. Pa. May 27, 2004) (denying motion to dismiss aiding and abetting conversion claim); *see also Zen Invs., LLC v. Unbreakable Lock Co.*, 276 F. App'x 200, 202 (3d Cir. 2008) (reversing dismissal of aiding and abetting conversion claim on other grounds). Aiding and abetting does not require direct knowledge of wrongdoing; instead, TD Bank may be held liable based upon its willful blindness or reckless disregard of the facts, in addition to actual knowledge.  *See Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A.*, 741 F. Supp. 2d 705, 726-27 (E.D. Pa. 2010).

RPCC pleads an aiding and abetting conversion claim by alleging, among other things, that TD Bank: (1) knew or should have known that DiCrecchio was not authorized to open the TD Account alone based on its acceptance of his incomplete documentation and failure to require necessary authorizations from the PFFTC Board and its Secretary; (2) knew or should have known that RPCC was not a named account holder but nevertheless allowed DiCrecchio to deposit and withdraw RPCC's funds to and from the TD Account without Board authorization; and (3) provided DiCrecchio with tools to deceive RPCC by issuing checks with a second signature line.  (*See* Complaint at ¶¶ 59, 83-89.)  TD Bank's motion to dismiss the aiding and abetting conversion claim is without merit.

14

**IV.      CONCLUSION**

The Court should not countenance TD Bank's attempts to circumvent the Rule 12(b)(6) standard by advancing a Motion that primarily relies upon facts and presumptions at odds with the well-pled facts in RPCC's Complaint.  The Court should deny TD Bank's Motion.

Respectfully Submitted,

/s/ *Jennifer L. Beidel*
Christopher R. Hall, Esquire
Jennifer L. Beidel, Esquire
Kyle E. Gray, Esquire
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102

*Attorneys for Plaintiff*
*Regional Produce Cooperative Corporation*

Dated:  July 3, 2019

15

# Exhibit A

 **Bank**

A/# ▇▇▇ 563 1  S# ▇▇▇

SS
JUL 3 1 2009

### FOR PROFIT CORPORATE BANKING RESOLUTION
### (For Deposit Accounts)

| | |
|---|---|
| Depositor Philadelphia Fresh Food (Name of Terminal Corp. Corporation) | Financial Institution:    TD Bank, N.A. 11000 Atrium Way Mt. Laurel, NJ 08054 |

I, the undersigned Secretary of the Corporation named above, HEREBY CERTIFY that the Corporation is organized and existing under and by virtue of the laws of the state of _____ PA _____ as a corporation for profit, with its principal office at __3301  S Galloway St  Unit 256__ and that _____ is the complete and correct name of the Corporation.

I FURTHER CERTIFY that at a meeting of the Board of Directors of the Corporation, duly and regularly called and held on _____ , at which a quorum was present and voting, the following resolutions were adopted:

RESOLVED, that the Financial Institution named above, at any one or more of its offices or branches, be and it hereby is designated as the Financial Institution of and depository for the funds of this Corporation, which may be withdrawn on checks, drafts, advices of debit, notes or other orders for the payment of monies bearing the following appropriate number of signatures: any ___1___ of the following panel officers or employees of this (Number) Corporation ("Agents"), whose actual signatures are shown below:

| | |
|---|---|
| _____ Signature | EX Director Title |
| Caesar J. DiChucchio Print Name | |
| _____ Signature | _____ Title |
| _____ Print Name | |
| _____ Signature | _____ Title |
| _____ Print Name | |
| _____ Signature | _____ Title |
| _____ Print Name | |

and that the Financial Institution shall be and is authorized to honor and pay the same whether or not they are payable to bearer or to the individual order of any Agent or Agents signing the same.

# BUSINESS SIGNATURE CARD
T.D. Bank, N.A. ("Bank")

Store: _Whitman_

Account Holder Names:

_Philadelphia Fresh Food_

Address: _Terminal Corp_

_3301 S. Galloway St._

_Phila PA 19148   Unit 256_

Phone: _215 - 336 - 3003_

ACCOUNT _____ _5031_

Account Type: _Business Checking_

ACCOUNT PURPOSE:

ACCOUNT TYPE:

DATE OPENED: _7-30-09_

SPECIAL INSTRUCTIONS:

Number of Signatures Required: _1_

Each of the authorized individual(s) certify that they have all required authority to act with respect to this account(s) and, jointly and severally, agree to indemnify and hold "Bank" harmless from and against any loss or damage arising from such authority or lack thereof. "Bank" has no responsibility or duty to assure or verify that Authorized individual(s) have or are acting within the authority given them by the authorizing document or that such authorizing document is genuine or valid, even if "Bank" has seen or retained a copy of such document.
The Authorized individual(s) signing agree(s), jointly and severally if multiple signers, to the terms set forth in the Deposit Account Rules and Disclosure, as amended by "Bank" from time to time. Each of the Authorized individual(s) signing also acknowledge that "Bank" provided at least one copy of these deposit account documents.
I/We acknowledge and understand that for FDIC insurance purposes, my/our deposits are not separately insured from any other deposits I/we may have at TD Banknorth.

## TIN/BACKUP WITHHOLDING

Reporting SSN/TIN:

**Important:** Under penalties of perjury, I certify that the number shown above is my correct taxpayer identification number, I am a U.S. person (including a U.S. resident alien), and that (check appropriate box):

☐ I am not subject to backup withholding, because I am exempt from backup withholding, or because I have not been notified by the IRS that I am subject to backup withholding as a result of failure to report all interest or dividends, or because the IRS has notified me that I am no longer subject to backup withholding.

☐ I am subject to backup withholding.

Signature of Authorized Individual  X_____   Date:

For instructions, see Internal Revenue Service Form W-9 that is available at the financial institution.

Authorized Signature 1

_CAESAR  J. DICRECCHIO_
Print Name

Authorized Signature 2

Print Name

Address *

Telephone *

Soc. Sec. No. *

Date of Birth *

ID/DL # *

ID Issue/Exp Date *

Authorized Signature 3

Print Name

Authorized Signature 4

Print Name

Address *

Telephone *

Soc. Sec. No. *

Date of Birth *

ID/DL # *

ID Issue/Exp Date *

* All information should be obtained - at minimum 3 of 5 fields must be completed.

## FAX to CIF using Speed Dial Option 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff Regional Produce

Cooperative Corporation's Brief in Opposition to Defendant TD Bank, N.A.'s Motion to Dismiss

and the Exhibit attached thereto was served via ECF on July 3, 2019 upon the following counsel:

Lynne E. Evans, Esq.
Alexander D. Bono, Esq.
Ryan E. Borneman, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103-4196

*Attorneys for Defendant TD Bank, N.A.*

/s/ *Jennifer L. Beidel*
Christopher R. Hall, Esquire
Jennifer L. Beidel, Esquire
Kyle E. Gray, Esquire
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102

*Attorneys for Plaintiff*
*Regional Produce Cooperative Corporation*