IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGIONAL PRODUCE COOPERATIVE CORPORATION, d/b/a PHILADELPHIA WHOLESALE PRODUCE MARKET, <br><br> Plaintiff, <br><br> v. <br><br> TD BANK, N.A., <br><br> Defendant. | : <br> : <br> : <br> : <br> : Case No.: 2:19-cv-01883-MSG <br> : <br> : <br> : <br> : <br> : <br> : |

**TD BANK, N.A.'S MOTION FOR LEAVE TO FILE A REPLY BRIEF SUPPORTING ITS MOTION TO DISMISS**

Defendant, TD Bank, N.A. ("***TD Bank***") respectfully moves for an order granting TD Bank leave to file a reply brief supporting its Motion to Dismiss the Complaint of Plaintiff Regional Produce Cooperative Corporation, d/b/a Philadelphia Wholesale Produce Market ("***RPCC***").  In accord with the Court's procedures, TD Bank's proposed Reply Brief, attached as Exhibit 1, does not repeat the six reasons why TD Bank's Motion should be granted; instead, it rebuts three issues in RPCC's Opposition that are not covered in TD Bank's Motion and that underscore why the Motion should be granted and the Complaint should be dismissed with prejudice.  Specifically, the proposed Reply Brief presents ***three*** arguments:

***First***, the Opposition materially misstates TD Bank's Business Deposit Account Agreement ("***BDAA***") – to the contrary, the BDAA governs the parties' relationship and does not conflict with Philadelphia Fresh Food Terminal Corporation ("***PFFTC***")'s Business Signature Card ("***Signature Card***") or PFFTC's For Profit Corporate Banking Resolution ("***Resolution***").  Thus, this Court should consider the BDAA on this Motion;

***Second***, the Opposition is wrong about the statute of limitations for reporting fraudulent transactions – to the contrary, as a matter of law, DiCrecchio's knowledge is imputed to RPCC because DiCrecchio had actual and apparent authority in his role as Market Manager for PFFTC and CEO for RPCC; and,

***Third***, the Opposition is wrong on RPCC's statutory obligation to review monthly statements – to the contrary, RPCC has been a TD Bank customer since PFFTC transitioned its business in 2011 and RPCC cannot use its failure to inform TD Bank of its name change to shield RPCC from its statutory obligation to review its transaction statements on its TD Bank account ("***Account***").

WHEREFORE, TD Bank respectfully requests that this Court issue an order granting TD Bank leave to file a reply brief supporting its Motion to Dismiss.

Respectfully Submitted,

By: /s/ Lynne E. Evans
Alexander D. Bono (25845)
Ryan E. Borneman (203540)
Lynne E. Evans (313479)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103
215.979.100 (Phone)
215.979.1020 (Fax)
abono@duanemorris.com
reborneman@duanemorris.com
leevans@duanemorris.com

*Attorneys for Defendant TD Bank, N.A.*

Dated:  July 17, 2019